IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WILLIE F. WRIGHT, JR. and,** | : | |
| **TIFFANI BLASH,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-CV-422-CAR** |
| | : | |
| **AMAZON.COM,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

Before the Court is *pro se* Plaintiffs Willie F. Wright, Jr. and Tiffani Blash's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiffs' Affidavit, it appears they are unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiffs' Motion to Proceed IFP [Doc. 4] is **GRANTED.** If Plaintiffs wish to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **they must file a recast Complaint** within 21 days, which will supersede their original Complaint, as hereinafter directed.

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,

or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiffs' application to proceed IFP and is satisfied that they cannot pay the court fees because of poverty. Plaintiffs state they receive no income, have no assets, are unemployed, and have two children.[5] Thus, Plaintiffs qualify as paupers under § 1915, and their Motion [Doc. 4] is **GRANTED**.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

[5] Plaintiff's Motion to Proceed IFP [Doc. 3 at 1–2].

**B. Preliminary Screening**

Because Plaintiffs are proceeding IFP, the Court is required to screen their Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] But, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[10] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The plausibility standard requires that a plaintiff

---

[6] 28 U.S.C. § 1915(e)(2)(b).

[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[9] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[10] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[11] *Ashcroft*, 556 U.S. at 663.

allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[12]

### 1. Factual Background

Plaintiffs bring claims against Defendant Amazon.com for a violation of the "CPSA"[13] and false advertising. Plaintiffs allege they bought several dog crates on Amazon.com from the brand "Usnipoya" in July 2024.[14] Plaintiffs allege the crates were advertised for "Large breed dogs" and the "most Attractive thing about the advertisement" was that "the crates were 'INDUSTRIAL STRENGTH FOR CHEWERS'" and rated for 70 to 90 pound dogs.[15] The advertisement "even Displayed Images of how Tuff and Strong There Crate was, It even had a Floor grid."[16] By November 2024, the bottom of the dog crates had collapsed, and Plaintiffs' dogs had chewed through the wire on the sides of the crates, resulting in physical and mental injuries to the dogs.[17] Plaintiffs allege Amazon failed to give notice to dog owners, themselves included, that housing dogs in the dog crates could cause injuries to the dogs.[18] Plaintiffs allege "Amazon must give Notice to the public all dog regulations dealing with these cages" and "Dog control

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[13] Plaintiffs do not define the "CPSA." As the Court explains *infra* B.2, Plaintiffs may be referring to the Consumer Product Safety Act.

[14] Complaint [Doc. 1 at 1].

[15] Doc. 1 at 1.

[16] Doc. 1 at 1.

[17] Doc. 1 at 1.

[18] Doc. 1 at 1.

laws and policy's must be shown on all dog products sold by anyone so that people have knowledge of how to house there pet in a proper lawful manner."[19] Plaintiffs seek a total of $12 billion in compensatory and punitive damages for bad faith, a "CPSA" violation, and false advertisement, with 10% to be donated to the Bibb County Animal Shelter.[20]

## 2. Analysis

Plaintiffs' Complaint fails to allege sufficient facts to establish the Court has subject matter jurisdiction over this action and fails to state a claim upon which relief may be granted. Instead of dismissing Plaintiffs' Complaint, the Court will allow Plaintiffs to file an amended complaint.

First, Plaintiffs fail to allege facts from which this Court can determine whether it has jurisdiction over their claims. Federal courts are courts of limited jurisdiction. A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[21] A district court may *sua sponte* "address the issue of subject matter jurisdiction at any time."[22]

Federal courts have diversity jurisdiction over civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state

---

[19] Doc. 1 at 2.

[20] Doc. 1 at 2.

[21] *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[22] *Herskowitz v. Reid*, 187 F. App'x 911, 912–913 (11th Cir. 2006) (citations omitted).

where the amount in controversy exceeds $75,000.[23] Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."[24] For purposes of diversity jurisdiction, a corporation is a citizen of the state, or states, in which it is incorporated and the state where it has its principal place of business.[25] Plaintiffs mention "diversity jurisdiction" in their Complaint but they fail to identify Defendant Amazon.com's state of citizenship based on its place of incorporation and principal place of business or their own states of citizenship; thus, the Court cannot determine whether it has diversity jurisdiction over this case. The Court may have federal question jurisdiction, but as explained below, Plaintiffs fail to identify the statutes authorizing their claims. Thus, Plaintiffs must recast their Complaint with allegations sufficient to establish this Court has subject matter jurisdiction.

Second, Plaintiffs' allegations relating to "A VIOLATION OF (CPSA) AND FALSE ADVERTISING" fail to state a claim upon which relief may be granted. Plaintiffs fail to specify any statutes or code sections Defendant allegedly violated. The "CPSA" may refer to the federal Consumer Product Safety Act,[26] but Plaintiffs fail to identify the statute and

---

[23] 28 U.S.C. § 1332.

[24] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir 1998) ("[D]iversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant."); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) ("The presence of [a] nondiverse party automatically destroys original jurisdiction.").

[25] 28 U.S.C. § 1332(c).

[26] 15 U.S.C. § 2051 *et seq.*

fail to specify which section of the CPSA Defendant allegedly violated. Plaintiffs have also failed to identify the statute and code sections of their "false advertising" claim, making it impossible for the Court to determine whether they have stated a claim for relief.

In drafting their recast Complaint, Plaintiffs should take care to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[27] Complaints that violate these Rules "are often disparagingly referred to as 'shotgun pleadings.'"[28] Shotgun pleadings may contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"[29] or fail to separate each cause of action or claim for relief into a separate count.[30] "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[31]

Plaintiffs' Complaint fails to give Amazon adequate notice of the claims against it and the grounds for each claim. To comply with Rule 10(b), Plaintiffs must further break

---

[27] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"
[28] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).
[29] *Weiland*, 792 F.3d at 1322 (footnote omitted).
[30] *Weiland*, 792 F.3d at 1323 (footnote omitted).
[31] *Weiland*, 792 F.3d at 1323 (footnote omitted).

up their factual allegations into numbered paragraphs to allow Defendant to respond to each of them individually. Plaintiffs must also separate their causes of action into separate counts and clarify the factual allegations supporting each claim.

## CONCLUSION

Plaintiffs' Motion to Proceed IFP [Doc. 4] is **GRANTED**, but the allegations in the Complaint fail to state a claim. If Plaintiffs wish to proceed with the action, they **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. This recast Complaint **MUST** be filed in accordance with the directives contained in this Order. If Plaintiffs fail to respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 10th day of December, 2024.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT