IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WILLIE F. WRIGHT, JR. and,** | : | |
| **TIFFANI BLASH,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-CV-422-CAR** |
| | : | |
| **AMAZON.COM and USNIPOYA,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER DISMISSING SECOND AMENDED COMPLAINT

Before the Court is *pro se* Plaintiffs Willie F. Wright, Jr. and Tiffani Blash's Second Amended Complaint. Having reviewed the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds it fails to state any claim upon which relief may granted. Thus, Plaintiffs' Complaint is hereby **DISMISSED.**

## BACKGROUND

On November 21, 2024, the Court denied Plaintiffs' request to proceed *in forma pauperis* ("IFP") because they failed to provide the required Form 239 or adequate financial information. On December 10, 2024, the Court allowed Plaintiffs to proceed IFP after receiving the required information, but ordered them to file a recast Complaint because their Complaint (1) failed to allege sufficient facts to establish the Court had

1

subject matter jurisdiction, (2) failed to state a claim upon which relief could be granted because they failed to specify any statutes or code sections Defendants violated, and (3) was a shotgun pleading in violation of Federal Rule of Civil Procedure 10(b). Plaintiffs filed their first Recast Complaint against Defendants Amazon.com and Usnipoya asserting federal and state law false advertising, deceptive business practices, and products liability claims relating to their purchase of dog crates from Amazon.com. On January 9, 2025, the Court dismissed the Recast Complaint without prejudice as an impermissible shotgun pleading in violation of Federal Rule of Civil Procedure 10(b) and gave Plaintiffs a second opportunity to amend. Plaintiffs have now filed their Second Amended Complaint.

## DISCUSSION

Because Plaintiffs are proceeding IFP, the Court is required to screen their Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[1] Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[2] and is governed by the same standard as

---

[1] 28 U.S.C. § 1915(e)(2)(b).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

a dismissal under Federal Rule of Civil Procedure 12(b)(6).[3] But p*ro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[4] "Despite construction leniency afforded *pro se* litigants, [the Eleventh Circuit Court of Appeals] . . . nevertheless require[s] them to conform to procedural rules."[5]

## I.    False Advertising Claim Against Defendant Usnipoya

Plaintiffs bring false advertising claims against Defendant Usnipoya for their marketing of dog crates on Amazon.com. Plaintiffs allege Usnipoya falsely advertised their crates as being suitable for "Large breed dogs" and "INDUSTRIAL STRENGTH FOR CHEWERS."[6] Plaintiffs allege these dog crates collapsed and were chewed through by their dogs, causing injuries to their dogs.[7] Plaintiffs further allege they were "planning to purchase more cages in the future to house dogs in a doggy day care center that [they] were trying to establish under BULLIEVEYOURVISION INC," but the injuries to the dogs caused by the crates "has caused [them] reputational harm[.]"[8]

---

[3] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[4] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[5] *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

[6] Second Amended Complaint [Doc. 8 at 4].

[7] *Id.* at 2.

[8] *Id.*

"The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling. Though in the end consumers also benefit from the Act's proper enforcement, the cause of action is for competitors, not consumers."[9] "Competitors are within the class that may invoke the Lanham Act because they may suffer 'an injury to a commercial interest in sales or business reputation proximately caused by [a] defendant's misrepresentations.'"[10] The Lanham Act's private remedy "may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act."[11] "This principle reflects the Lanham Act's purpose of 'protect[ing] persons engaged in [commerce within the control of Congress] against unfair competition.'"[12]

Plaintiffs fail to state a Lanham Act false advertising claim against Defendant Usnipoya. Plaintiffs' allegations make clear they are suing not as a competitor of Usnipoya whose commercial interest has been injured, but rather as a "hoodwinked" consumer who is disappointed with their purchase of Usnipoya's dog crates. Thus, Plaintiffs may not invoke the Lanham Act's private remedy.[13] Plaintiffs do not allege that

---

[9] *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014).

[10] *Id.* (citation omitted).

[11] *Id.* at 108 (citation omitted).

[12] *Id.* (citation omitted).

[13] *See id.* (citation omitted).

Usnipoya's advertisements caused unfair competition between it and Plaintiffs; rather, Plaintiffs were unhappy with the shoddy crates they purchased. Although Plaintiffs mention the advertisements' negative impacts on their own "newly started company,"[14] their allegations are those of consumers, not competitors.[15] Plaintiffs fail to sufficiently allege they fall "within the class of plaintiffs whom Congress authorized to sue under § 1125(a)),"[16] and their claims must be dismissed.

## II.    Contributory False Advertising Claim Against Defendant Amazon.com

Plaintiffs fail to state a contributory false advertising claim against Amazon.com under the Lanham Act. To state a claim for contributory false advertising, Plaintiffs must allege: (1) "that a third party in fact directly engaged in false advertising that injured the plaintiff;" and (2) "that the defendant contributed to that conduct either by knowingly inducing or causing the conduct, or by materially participating in it."[17] Plaintiffs must allege that Defendant Amazon.com "contributed to that conduct"—that is, Amazon.com "'intended to participate in' or 'actually knew about' the false advertising."[18] "The mere sale of products in the course of an ordinary business relationship, without more, cannot justify a finding that a defendant induced, encouraged, caused, procured, or brought

---

[14] Doc. 8 at 2.

[15] *POM Wonderful LLC*, 573 U.S. at 107.

[16] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 137 (2014).

[17] *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1277 (11th Cir. 2015).

[18] *Id.* (citations omitted).

about false advertising. . . . [A] plaintiff must allege more than an ordinary business relationship between the defendant and the direct false advertiser in order to plausibly plead its claim."[19] Plaintiffs have failed to adequately allege Amazon.com contributed to any of Usnipoya's statements advertising their dog crates, or that Defendants had anything "more than an ordinary business relationship."[20] Thus, Plaintiffs' contributory false advertising claim against Amazon.com must be dismissed because it fails to state a claim upon which relief may be granted.

### III.    Products Liability Claims

Plaintiffs appear to bring products liability claims against Defendants Amazon.com and Usnipoya, but these must be dismissed because Plaintiffs failed to provide sufficient information for the Court to determine whether they state claims upon which relief may be granted. A plaintiff may bring a products liability action based on theories or negligence or strict liability.[21] And under Georgia law, "[t]here are three general categories of product defects: manufacturing defects, design defects, and marketing/packaging defects."[22] It is unclear from Plaintiffs' Second Amended Complaint what type of products liability claims they bring, whether they bring them against one or

---

[19] *Id.* at 1279.

[20] *Id.*

[21] *Whitehead v. Green*, 365 Ga. App. 610, 623 (2022).

[22] *Banks v. ICI Ams., Inc.*, 264 Ga. 732, 733 (1994).

both parties, and what the specific grounds for the claims are. Thus, Plaintiffs' products liability claims must be dismissed for failing to state any claim.

## **CONCLUSION**

The Court has given Plaintiffs two opportunities to amend, and their third attempt remains deficient. Based on the foregoing reasons, Plaintiffs' Second Amended Complaint is hereby **DISMISSED.**

**SO ORDERED,** this 12th day of February, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT